UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Julissa Gonzalez, individually and on behalf of all others similarly situated;<br><br>                             Plaintiff,<br><br><br><br><br><br>     -v.-<br><br>Optio Solutions, LLC d/b/a Qualia Collection Services,<br><br>                          Defendant. | Civil Action No: 1:21-cv-6847<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Julissa Gonzalez (hereinafter, "Plaintiff"), individually an on behalf of all others similarly situated, by and through her attorneys, Horowitz Law, PLLC, complains, states and alleges against Defendant Optio Solutions, LLC d/b/a Qualia Collection Services, (hereinafter "Defendant" or "Qualia"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

4.    Plaintiff is a resident of the State of New York, County of Queens.

5.    Plaintiff is a natural person allegedly obligated to pay a debt.

6.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

7.    Defendant Optio Solutions, LLC d/b/a Qualia Collection Services, is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1444 North McDowell Blvd., Petaluma, CA 94954.

8.    Upon information and belief, Defendant Qualia is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

9.    Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

10.    Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

11.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12.    To further these ends, "the FDCPA enlists the efforts of sophisticated consumers… as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008).

13.    As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14.    Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

15.    If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

16.    The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability my only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id*.

## CLASS ALLEGATIONS

17.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

18.    Plaintiff seeks to certify a class of:

> All consumer to who Defendant Qualia sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

19.    This action seeks a finding that Defendant Qualia's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. §1692k.

20.    The Class consist of more than thirty-five persons.

21.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a demeanor applicable to the Class as a whole such that declaratory relief is warranted.

23.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brough under consumer protection laws.

## FACTUAL ALLEGATIONS

24.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25.     Sometime prior December 11, 2020, an obligation was allegedly incurred to Capital One N.A. by the Plaintiff.

5

26.     The Capital One N.A. obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

27.     The alleged Capital One N.A. obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28.     Capital One N.A. is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29.     Sometime thereafter, Capital One N.A. assigned the debt to Defendant Qualia in an attempt to collect the alleged debt.

30.     Defendant Qualia collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

31.     On or around December 11, 2020 the Plaintiff received an initial debt collection letter (the "Letter") from Defendant Qualia regarding the alleged debt owed to Capital One N.A. **See Exhibit A**.

32.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33.     The Letter was received and read by Plaintiff.

34.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication set forth;

    1)  the amount of the debt;

    2)  the name of the creditor to whom the debt is owed;

    3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

35.    On information and belief, the last payment on the alleged debt was made on October 31, 2017.

36.    New York State's borrowing statute requires an action to be timely in the jurisdiction in which the creditor resides. *Portfolio Recovery Assocs., LLC v. King*, 927 N.E.2d 1059, 1061 (N.Y. Ct. App. 2010).

37.    The original and current creditor for this alleged debt is Capital One N.A.

38.    Capital One N.A. resides in Virginia and is subject to a three-year Statute of Limitations for unwritten contracts pursuant to VA Code 8.01-246(4).

39.    As of the date of the Letter, the statute of limitations on the alleged debt had already expired.

40.    A lawsuit could no longer be commenced on the alleged debt.

41.    The letter failed to provide that the statute of limitations had expired.

42.    This is a material fact that is required to be disclosed to Plaintiff.

43.    The failure to include this pertinent information coerces payment from the Plaintiff by seeking a payment which is legally unenforceable.

44.    The Letter failed to inform Plaintiff of the true legal status of the alleged debt.

45.    This omission threatened Plaintiff's rights because making a payment on a debt past the statute of limitations could reset the statute of limitations and allow Defendant to bring legal action against Plaintiff.

46.    In addition, the Letter states an Account Summary in the top left-hand corner as follows:

| | |
|---|---|
| Principal: | $217.25 |
| Fees: | $259.00 |
| Interest: | $53.73 |
| Balance Due: | $529.98 |

47.    Upon information and belief, the $259.00 amount for fees is exorbitant and unauthorized and is greater than the principal balance.

48.    The addition of these exorbitant fees by Defendant which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff.

49.    Defendant misled and deceived Plaintiff into the belief that he falsely owed additional high fees that were not authorized by the agreement creating the debt nor permitted by law.

50.    Due to Defendant's actions, Plaintiff was unable to evaluate his options of how to handle this debt.

51.    Plaintiff would have pursued a different course of action were it not for Defendant's violations.

52.     Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

53.     In addition, Plaintiff suffered emotion harm due to Defendant's improper acts.

54.     Plaintiff is entitled to receive proper time to exercise his validation rights as required by the FDCPA.

55.     Defendant failed to provide for these rights.

56.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

57.     Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

58.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

59.   Plaintiff repeats the above allegations as if set forth here.

60.   Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

61.   Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62.   Defendant violated § 1692e:

63.     By omitting the statute of limitations disclosure in violation of §§ 1692, 1692e (2), 1692e (5), and 1692e (10).

64. By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT II</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

67. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

68. Defendant violated this section by unfairly misrepresenting Plaintiff's rights and misleading Plaintiff as to the proper course of action.

69. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT III</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

70. Plaintiff repeats the above allegations as if set forth here.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

72.  Pursuant to 15 U.S.C. § 1692g, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector must provide certain notices.

73.  By omitting the fact that the statute of limitations for the debt that Defendant is attempting to collect has expired and by the exorbitant fees asserted, the letter taken as a whole overshadows the § 1692g notice

74.  This omission prevented Plaintiff from properly evaluating whether to assert her statutory rights to dispute the debt, or whether to settle the debt immediately, or even the amount or true value of the debt considering that it was legally unenforceable.

75.  By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

76.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Julissa Gonzalez, individually and on behalf of all others similarly situated, demands judgment from Defendant Qualia as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Flushing, New York
          December 10, 2021

_/s/ Uri Horowitz_____
By:  Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
Fax: (718) 705-8705
*Attorneys For Plaintiff*

12